IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES O. HENDERSON, )
)
   Plaintiff, )
)
vs. ) DOCKET NO.: **CV204-070**
)
PAYLESS SHOES, )
)
   Defendant. )

## COMPLAINT

Comes now James O. Henderson, Plaintiff, and by and through his attorney, files this Complaint as follows:

## JURISDICTION

**1.**

Jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §1331 in that a federal question is involved concerning Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000 et seq., and the Civil Rights Act of 1991. The Court has supplemental jurisdiction of Georgia law claims under 28 U.S.C.A. § 1367. This case also involves a claim of age discrimination in violation of the age Discrimination in Employment Act. 29 U.S.C.A. § 621, et seq.

**2.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 in that this is an action to recover damages for violation of an act of Congress providing for equal

1

rights of citizens.

## VENUE

**3.**

Venue is properly laid in this Court in that the incidents complained of occurred in this judicial district and division and the Defendant conducts business in this judicial district and division.

## PARTIES

**4.**

Plaintiff, James O. Henderson is a 50 year old citizen of the United States of America and a resident of Brunswick, Glynn County, Georgia. Plaintiff is a former employee of Defendant Payless Shoes. Plaintiff's race is African American.

**5.**

Defendant, Payless Shoes, a Missouri Corporation, operates a shoe store in Brunswick, Georgia. Plaintiff was employed there prior to his termination on February 26, 2003. At the time of his termination, Plaintiff had been employed by Defendant for approximately seventeen (17) years.

**6.**

Defendant, Payless Shoes, employs twenty (20) or more employees and is an employer within the meaning of § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and within the meaning of the Age Discrimination in Employment Act.

## FACTUAL ALLEGATIONS

**7.**

Plaintiff began his career at Payless in March 1987, as a Manager Trainee. He was promoted to Store Manager in September, 1997. Plaintiff was employed continuously as Store Manager until February 26, 2003. Plaintiff had an excellent record at Payless. Plaintiff was able to increase profitability of every store he managed.

**8.**

On February 26, 2003, Plaintiff was discharged for being out of the store while on the clock. This was a pretextual reason for his termination. Plaintiff was discharged because of his race and age.

**9.**

Since his employment with Payless, Plaintiff has applied for employment at numerous places. Plaintiff believes that personnel at Payless are providing negative or unfavorable job references for him in retaliation for his filing a charge with the Equal Employment Opportunity Commission.

**10.**

Plaintiff was terminated and a less qualified, but younger employee was promoted to Plaintiff's position.

## ADMINISTRATIVE PROCEDURES

**11.**

This is an action for race and age discrimination pursuant to § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, et seq., and The Age Discrimination in Employment Act., 29 U.S.C.A. § 621 et seq.

**12.**

On September 6, 2002, Plaintiff filed a charge of race and age discrimination with the Equal Employment Opportunity Commission.

**13.**

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days of the occurrence of the acts of which he complains.

**14.**

Plaintiff's counsel received Plaintiff's Notice of Right to Sue from the EEOC on or about February 23, 2004. A copy of this Notice is attached to this Complaint as Exhibit "A" This civil action was instituted in the appropriate federal district court within ninety (90) days of the receipt of said notice.

**15.**

All pre-conditions necessary for filing this action have been met.

## COUNT ONE

## DISCRIMINATION ON THE BASIS OF RACE AND RETALIATION

**16.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

**17.**

The actions complained of above have caused Plaintiff to lose wages, employee benefits, incur expenses and to suffer mentally and physically from anger, humiliation, frustration and loss of dignity. Defendant has given Plaintiff negative and/or unfavorable job references. Plaintiff believes that this is retaliatory in response to his filing a charge with the EEOC.

## COUNT TWO

## DISCRIMINATION ON THE BASIS OF AGE

**18.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

**19.**

Plaintiff asserts that he was terminated because of his age, 50, at the time of his termination in violation of the Age Discrimination in Employment Act.

5

## **PUNITIVE DAMAGES**

**20.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

**21.**

Defendant's violation of Plaintiff's rights was intentional and/or reckless.

**22.**

Defendant's actions caused the Plaintiff to suffer past, present, and future severe mental pain, suffering, and emotional distress as the natural result thereof.

**23.**

Plaintiff is entitled to recover general damages from Defendants for their acts of intentional infliction of emotional distress.

**24.**

Defendant engaged in the discriminatory practices set forth above with malice or with reckless indifference to the federally protected rights of Plaintiff.

**25.**

Accordingly, Plaintiff is entitled to recover punitive damages.

## **COUNT THREE**

## **EQUITABLE RELIEF**

**26.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if

restated herein.

**27.**

Unless equity intervenes to restrain and enjoin Defendant from interfering with Plaintiff's rights in employment and from discriminating against him, and to require Defendant to cause Plaintiff to be restored to his rightful position, Plaintiff will suffer irreparable harm, having no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

1. That the Court impanel a jury to hear his cause;

2. That Plaintiff be awarded the back pay he would have earned, together with all related monetary benefits and any other benefits of any kind Plaintiff would have received had he not been discharged on February 26, 2003:

3. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein; and

4. That Defendants pay Plaintiff's costs of this suit, together with reasonable attorney's fees and litigation costs;

5. That punitive damages and exemplatory damages in such same sum as the judge and jury deem proper;

6. That Plaintiff be awarded damages against Defendant for emotional, mental, physical, psychological and financial damage as allowed by law to be shown at trial;

7. That Plaintiff be awarded damages for intentional infliction of emotional

7

distress as allowed by law to be shown at trial.

8. As a result of Defendant's acts of retaliation against Plaintiff, the Defendant pay Plaintiff for general damages for pain and suffering.

RITA C. SPALDING
Attorney for Plaintiff
State Bar No. 108640

1522 Richmond Street
Brunswick, GA 31520
912-261-8686
Fax 912-261-8689

8

STATE OF GEORGIA
COUNTY OF GLYNN

### VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, JAMES O. HENDERSON duly sworn deposes and states on oath that the facts, contained in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me,
this the 19th day of ~~December, 2003~~ May, 2004

_____
Notary Public
My Commission Expires: 1/30/05

_____
JAMES O. HENDERSON
Plaintiff

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | James O. Henderson<br>552 Shepard Drive<br>Brunswick, GA 31525 | From: | Savannah Local Office<br>410 Mall Blvd<br>Suite G<br>Savannah, GA 31406 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 115-2003-00441 | Diego Torres,<br>Investigator/Acting Director | (912) 652-4448 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

Diego Torres,
Investigator/Acting Director

February 20, 200_
*(Date Mailed)*

cc: Jay R. Andrews, ESQ
PAYLESS SHOESOURCE, INC.
3231 S.E. 6TH. STREET
Topeka, KS 66607-2207

Rita C. Spalding, ESQ
P.O. Box 297
Brunswick, GA 31521