# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JAMES O. HENDERSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| PAYLESS SHOES, | : | |
| Defendant. | : | NO. CV204-70 |

### O R D E R

Plaintiff, James O. Henderson, filed this action against Defendant, Payless Shoes ("Payless"), alleging race and age discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Plaintiff subsequently amended his complaint to add a claim seeking overtime compensation due under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201 et seq.

AO 72A
(Rev. 8/82)

On February 14, 2006, the Court granted Payless' summary judgment motion on all counts except for Henderson's age discrimination claim. Presently before the Court is Payless' motion requesting permission to supplement the record, and seeking reconsideration of the portion of the Court's Order denying summary judgment on the age discrimination claim.

Central to the Court's original decision to deny Payless' summary judgment on the age discrimination claim was the conflicting testimony, absent any corroborating documentation, as to the age of Willie Mae Hines-Bey, the individual who replaced Henderson as manager of the Brunswick store. Although Hines-Bey provided affidavit testimony that she was born on August 8, 1953, making her four months older than Henderson, Henderson offer testimony that he recalled that Hine-Bey showed him her driver's license during the hiring process, and that her age as reflected by her driver's license was approximately 10 years younger than he. The Court found that Hines-Bey's testimony alone, absent cross-examination, was insufficient to establish her age as a matter of law and warrant summary judgment in Payless' favor.

In support of the instant reconsideration motion, Payless has requested permission to supplement the record with an additional affidavit from Hines-Bey, and an attached exhibit

2

the Department of the Navy Central Adjudication Facility ("DONCAF"), located in Washington, D.C., the Department of the Navy Central Adjudication Facility ("DONCAF"), located in Washington, D.C., containing true and correct copies of her driver's license, birth certificate, and government identification, all of which state that her date of birth is August 8, 1953. In his opposition, Henderson argues that Payless' motion should be denied because Hines-Bey did not address his recollection as to her age and Payless has not come forward with testimony of the persons who promoted her as to their knowledge of her age.

The Court concludes that Payless' evidence overwhelmingly demonstrates the absence of any genuine issue as to Hines-Bey's age. Thus, as Henderson has failed to establish that he was replaced by an employee substantially younger, he has failed to establish a prima facie claim of age discrimination. In light of the supplemented record now before the Court, Payless' motion for reconsideration (Doc. No. 44) is hereby **GRANTED** and Plaintiff's age discrimination claim is **DISMISSED**.

SO ORDERED, this ____20____ day of March, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3